United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals

## for the Fifth Circuit

m 03-30708
Summary Calendar

KENNETH EPPERSON,

Plaintiff-Appellant,

VERSUS

CITY OF SHREVEPORT,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
m 02-CV-544

Before SMITH, DEMOSS, and STEWART,
Circuit Judges.

PER CURIAM:[*]

Kenneth Epperson appeals a summary judg-

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ment on his claim that he was wrongfully discharged. He also challenges an order allowing defendant City of Shreveport to amend its answer. Because we find no error in either ruling, we AFFIRM.

Epperson sued the city for wrongful discharge in violation of his First Amendment rights and state law. Epperson, an elected parish commissioner, resigned his position with the city shortly after being informed of an or-

dinance forbidding elected officials from holding certain positions with the city. Epperson claims his resignation was forced and therefore amounted to a constructive discharge. The district court granted the city's motion for summary judgment on that issue.

We review a summary judgment *de novo*, using the same standards as did the district court. *BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333 (5th Cir. 2003). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id*. (quoting FED. R. CIV. P. 56(c)).

To prove constructive discharge, a plaintiff "must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556,566 (5th Cir. 2001) (quoting *Faruki v. Parsons*, 123 F.3d 315, 319 (5th Cir. 1997)). The district court correctly held that there was no evidence to support a finding that a reasonable person in Epperson's position would have felt compelled to resign.

Epperson appeals the grant of the city's motion to amend its answer. The decision to grant or deny a motion to amend pleadings is within the sound discretion of the district court. *Avatar Exploration, Inc. v. Chevron U.S.A., Inc*., 933 F.2d 314 (5th Cir. 1991). In addition to this particularly deferential standard of review, we note that FED. R. CIV. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The district court did not abuse its discretion in granting leave to amend.

AFFIRMED.